**IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

Steve Martone,

  *Plaintiff*,

  v.

**Equifax Information Services, LLC,**

  *Defendant*.

Case No: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Steve Martone**, ("**Mr. Martone**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

## PRELIMINARY STATEMENT

1.  This is an action for damages not to exceed $8,000, brought by Mr. Martone against Equifax for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Section 34.01, Florida Statutes.

3.  Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court pursuant to Section 48.193, Florida Statutes.

4.  Venue is proper in Lee County, Florida, pursuant to Section 47.051 Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Lee County.

eFiled Lee County Clerk of Courts Page 1

## PARTIES

5.  **Mr. Martone** is a natural person residing in Ft. Myers, Lee County, Florida.

6.  Mr. Martone is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.  **Equifax** is a Georgia corporation, with a primary business address of **1550 Peachtree Street NW, Atlanta, GA 30309**.

8.  Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

9.  Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.  As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Martone's May 2023 Consumer Disclosure

10.  On or about May 1, 2023, Mr. Martone requested a copy of his consumer credit disclosure from Equifax.

11.  Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Martone's request, Equifax was required to "clearly and accurately" disclose all information in Mr. Martone's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

Page **2** of **15**

12.     Equifax provided an electronic copy of Mr. Martone's *Consumer Disclosure* ("**Equifax's Disclosure**") to him at his home address in Ft. Myers, Florida.

## Equifax's Disclosure Was Not Complete, Clear, or Accurate

## Missing Original Creditors

13.     Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file.

14.     Equifax's Disclosure indicated that Mr. Martone's credit file contained three (3) accounts classified as "Other."  **SEE PLAINTIFF'S EXHIBIT A.**

15.     Equifax's Disclosure stated: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements." *Id.*

16.     The accounts appearing in the "Other" section were reported by CKS Prime Investments, LLC ("**CKS**"), and Child Support.

17.     CKS is a *Debt Buyer* – a company whose primary purposes are the purchase and collection of debts which were originally owed to third parties.

18.     As CKS does not lend to consumers, it is *never an Original Creditor*.

19.     Despite this, when disclosing the CKS tradelines to Mr. Martone, Equifax indicated that CKS was the *Original Creditors* of the accounts, omitting any reference to the *Original Creditor.*

20.     Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the

eFiled Lee County Clerk of Courts Page 3

account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

21.     Equifax thus shifted the burden of disclosure and inquiry away from itself, and onto Mr. Martone.

<u>**Missing Account Numbers**</u>

22.     Making matters even more confusing for Mr. Martone, Equifax omitted the full account numbers relating to the CKS and Child Support tradelines.

23.     On information and belief, each of these data furnishers reported the full account numbers belonging to their respective accounts to Equifax, and this information was contained within Equifax's file regarding Mr. Martone at the time of his request.

24.     When Equifax produces and sells reports regarding Mr. Martone to third parties, the full account numbers and name of the original creditors are included in its reports.

25.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with <u>15 U.S.C. § 1681g(a)</u> as well as the contents of its files.

26.     Having a duty to disclose ***all of the information*** regarding the accounts in Mr. Martone's file, Equifax breached its duty by failing to provide the account numbers and original creditors' name, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

27.     Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

28.     Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency.

Collections stay on your credit report for up to 7 years from the date the account first became past due.  They generally have a negative impact on your credit score."

29.     CKS is registered with the Florida Office of Financial Regulation as Consumer Collection Agency.

30.     Thus, Equifax should have placed these tradelines under the "Collections" header of Mr. Martone's Disclosure rather than the "Other" header.

31.     In addition to missing the full account numbers from the "Other Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

32.     Under the heading *Revolving Accounts*, there are sixteen (16) tradelines without full account numbers.

33.     Under the heading *Installment Accounts*, there are three (3) tradelines without full account numbers.

34.     On information and belief, all the aforementioned data furnishers reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Martone at the time of his request for his consumer disclosure.

35.     Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

36.     Equifax knows of this error but, despite such knowledge, has yet to correct it.

37.     The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language

of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

38.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

39.    The lack of accurate, full account numbers caused Mr. Martone great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

40.    Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

41.    Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

42.    The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

"**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original**.)

**SEE PLAINTIFF'S EXHIBIT C.**

43.     The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

44.     On information and belief, CKS complied with the *Credit Reporting Resource Guide* and reported the names of the true original creditors of its reported accounts.

## Prevalence of Equifax's Account Number Errors

45.     On information and belief, Equifax's Disclosure to Mr. Martone was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

46.     On information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

47.     On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

48.     Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

49.     Thus, *every* consumer with accounts appearing in the "Other" section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Martone.

50.     Equifax's error has therefore likely affected thousands of consumers.

eFiled Lee County Clerk of Courts Page 7

51.     Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See*, *e.g.*, *Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

52.     Equifax's knowing and repeated conduct warrants an award of ***punitive damages***.

53.     Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

54.     Mr. Martone has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

55.     Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Martone deprived him of this right.

56.     Mr. Martone has hired the undersigned law firm to represent him in this matter and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## VIOLATIONS OF THE FCRA

57.     Mr. Martone adopts and incorporates paragraphs 1 - 56 as if fully stated herein.

58.     Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Martone's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Martone, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed two (2) accounts reported by CKS without disclosing the full account numbers or the names of the *Original Creditors* and twenty (20) accounts also without the full account numbers, even though full account numbers were reported by the data furnishers.

59.     Equifax knowingly provided inaccurate information in Mr. Martone's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

60.     Equifax is therefore liable to Mr. Martone, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

61.     Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Martone, pursuant to 15 U.S.C. § 16810, for his actual damages, plus attorneys' fees and costs.

**WHEREFORE,** Mr. Martone respectfully requests that the Honorable Court enter judgment against Equifax for:

a.     The greater of statutory damages of **$1,000** per incident and Mr. Martone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Martone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.     Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Martone demands a jury trial on all issues so triable.

Respectfully submitted on May 4, 2023, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866

BScarangella@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## ATTACHED EXHIBIT LIST

A.    Mr. Martone's Equifax Consumer Disclosure, May 1, 2023, Excerpt – *Other Accounts.*
B.    FTC Opinion Letter.
C.    *Credit Reporting Resource Guide*, Original Creditor Name Excerpt.